FILED

2013 Mar-26  PM 03:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GARY D. CARMICHAEL,                    )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )        Case No. 2:11-cv-2424-TMP
                                       )
PERSONNEL BOARD OF                     )
JEFFERSON COUNTY, BESSEMER             )
POLICE DEPARTMENT,                     )
                                       )
            Defendants.                )

## MEMORANDUM OPINION

This matter is before the court on a motions for summary judgment (docs. 29, 32) filed by the defendants City of Bessemer and Personnel Board of Jefferson County.  The motions were supported by evidence, and the matter has been fully briefed.  A hearing was held on the motions on September 26, 2012.  The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c); accordingly, the court enters this memorandum opinion.

## SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  Celotex, 477 U.S. at 322-23.  There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim."  Id. at 323.

Once the moving party has met his burden, Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Id. at 324 (quoting former Fed. R. Civ. P. 56(e)).  The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings.  Celotex, 477 U.S. at 324.  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The substantive law will identify which facts are material and which are irrelevant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party." Id. at 248.  "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249.  His guide is the same standard necessary to direct a verdict:  "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983).  However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989).  Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff.  Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988).  Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor.  Anderson, 477 U.S. at 255.  The non-movant need not be given the benefit of every inference but only of every reasonable inference.  Brown v. City of Clewiston, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## FACTS

For purposes of the pending motions for summary judgment, the evidence is viewed in the light most favorable to the nonmovant.  The following facts are considered undisputed.

Plaintiff Gary D. Carmichael was hired by the City of Bessemer in 1999 as a patrolman.  He served as a detective from 2001 until 2007, when he was promoted to sergeant.  On April 2, 2011, Carmichael was the highest ranking officer on duty and, therefore, was the supervisor in charge on that day.  On April 3, 2011, Captain Michael Roper received an email from Sgt. Carl Anderson stating that a corrections officer, Adrienne Smiley, had worked alone at the jail for about four hours of her shift on April 2, 2011, in violation of a department policy and practice which requires that at least two officers be present in the jail at all times for safety reasons.  Roper contacted the Internal Affairs Division ("IAD"), which initiated an investigation into the report that Carmichael failed to properly staff the jail on April 2, 2011.  The IAD determined that Carmichael's actions constituted a "neglect of duty."  The City hand-delivered a Notice of Contemplated Disciplinary Action to Carmichael, and set a hearing for May 5, 2011.  The notice informed Carmichael that he had the right to present a written and/or oral response to the charge, and it informed him clearly about the underlying basis for the charge arising from his alleged failure to assure that two officers were present in the jail on April 2, 2011.

The hearing was held on May 5, 2011, before a three-member panel of Captain Roper, Captain Ennis Gaddis, and Lieutenant Roland Brown.  Carmichael attended with his attorney.  He had prepared a written statement in response to the charges, and he read the statement out loud during the hearing.  Carmichael was given a three-day suspension as a result of the charge.  The

Mayor of the City of Bessemer, Mayor Gulley, is the appointing authority for the City.  Gulley "signed off on" the suspension.  On May 6, 2011, Roper issued a Memorandum of Disciplinary Action to Carmichael, which stated that Carmichael "was suspended without pay for three (3) working days (12-hour shifts) beginning Thursday May 12, 2011 through Saturday, May 14, 2011." The memorandum further instructed Carmichael to "return to duty Wednesday, May 18, 2011 after your scheduled off days of Sunday through Tuesday."  The memorandum further informed Carmichael: "Upon your return to duty, you will meet with Captain Michael Roper Wednesday, May 18, 2011, 10:00 a.m. at his office."  (Doc. 33-3, Ex. D).  The memorandum also stated that "upon return to duty" he would retrieve his gun, badge, and I.D. card.

Carmichael told another sergeant that he "got suspended three days" for leaving Smiley alone in the jail for 45 minutes.

Carmichael's regular time to report to work was 6:00 a.m., when roll call was conducted. On May 18, 2011, Carmichael did not attend roll call.  He sat in the lobby of the Bessemer Police Department from 10:00 a.m. until after 11:00 a.m., waiting to meet with Chief Roper.  Carmichael interpreted the Notice of Suspension as notifying him that he could not return to duty until after the meeting with Roper.  His immediate supervisor told him that he should have reported at 6:00 a.m. After meeting with Captain Roper, Carmichael was returned to duty.

Carmichael appealed his suspension to the Jefferson County Personnel Board.  The Rules and Regulations of the Jefferson County Personnel Board establishes a procedure that entitles employees to an appeal of disciplinary measures in some instances.  (See Doc. 33, Exh. F, Rule 12.1).  Not every suspension may be appealed, however.   Rule 12.14 specifically states: "An Appointing

Authority may suspend any employee without pay with no right to appeal to the Board, so long as (1) no single suspension exceeds five (5) scheduled working days or 40 working hours ...."  The threshold level of suspension for which an appeal can be taken is five working days or 40 hours.  The appeal was dismissed by the Personnel Board on grounds that the suspension was for less than five scheduled working days.

Carmichael filed the complaint commencing this action in the Circuit Court for Jefferson County, Alabama, Bessemer Division, on May 26, 2011, The complaint named the Bessemer Police Department as a defendant.  It was removed to this court on July 1, 2011.  After a motion to dismiss was filed, plaintiff amended the complaint to substitute the defendant City for the police department.[1]  Plaintiff alleges that his due process rights were violated in that he was not given a hearing that comported with procedural due process and was not allowed to appeal the suspension to the Jefferson County Personnel Board.  Plaintiff has conceded that his defamation and equal protection claims are due to be dismissed.[2]  Accordingly, the only claims remaining are plaintiff's claims that

_____

[1]     The complaint also names "Fictitious Parties A through H."  Fictitious party pleading is not, however, recognized in the federal courts.  Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010).

[2]     Plaintiff states in his brief that the "class-of-one theory of equal protection does not apply in the public employment context."  (Doc. 49-1, p. 40).  He further argues that "but for the fact that he is a public employee" he "should be entitled to a claim under equal protection, class of one, liability."  The court agrees that Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591 (2008), precludes such a claim.  Although the claim sets forth a "retaliation claim," it is clear that the only basis for this claim set forth by the plaintiff is the Equal Protection Clause in that he alleges that he received punishment greater than that given other officers under similar circumstances.  His brief does not argue that he suffered any retaliation actionable under Title VII or any other statute or constitutional provision.  There is no allegation of any invidious discrimination or of retaliation based upon Carmichael's exercise of a fundamental right.

his procedural due process rights were violated when (a) the City failed to give him notice and a right to be heard before suspending him without pay for three days; and (b) the Personnel Board denied him the right to appeal the suspension.  Both defendants seek summary judgment on the procedural due process claims.[3]

## DISCUSSION

The Due Process Clause of the Fourteenth Amendment guarantees that a person's property will not be taken without "notice and an opportunity for a hearing appropriate to the nature of the case." Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S. Ct. 1487, 1493 (1985). The due process protection extends to a public employee's legitimate expectations of continued employment.  Arnett v. Kennedy, 416 U.S. 134 (1974).   It is not clear whether all suspensions or disciplinary actions concern a protected property interest, but a six-day suspension has been deemed sufficiently severe to implicate procedural due process rights.  Zannis v. City of Birmingham, 1986 WL 15349 (N.D. Ala. October 1, 1986).  As a public employee who enjoys civil-service protection under the Jefferson County Personnel Board Act and Rules and Regulations, Carmichael has a protected property interest in his employment as a Bessemer police officer sufficient to invoke procedural due process protections.

---

[3]     To the extent that plaintiff attempts to argue that his substantive due process rights have been violated, that claim is clearly without basis in law because the substantive component of the Due Process Clause protects only "fundamental rights" that arise from the Constitution.  See, e.g., McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994).

A.  Defendant City of Bessemer

Plaintiff asserts that he was not given sufficient notice of the charges against him or the opportunity to be heard before he was given the suspension at issue in this case.   The City asserts that it is not clear that the plaintiff had any protected property interest that was infringed upon by the suspension because Carmichael was not terminated or suspended indefinitely.   The City assumes, without conceding, however, that the suspension gives rise to a procedural due process right.   The City correctly notes that only procedural due process rights are implicated by such a suspension; the substantive rights to due process are not at issue in any property right implicated by public employment.  McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994) *cert. denied*, 513 U.S. 1110 (1995).   The Supreme Court has noted:

> The tenured employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story.   To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee.

Loudermill, 105 S. Ct. at 1495 (citations omitted).    In Loudermill, the action taken against the employee was termination, not a mere suspension.  Where the length and finality of the action taken against the employee is less severe, as in a temporary suspension, the process that is due is less onerous.  Gilbert v. Homar, 520 U.S. 924, 932, 117 S. Ct. 1807, 138 L. Ed. 2d 120 (1997).   In addition, the requirements of due process are flexible.  520 U.S. at 931.

In this case, Carmichael received notice that he was charged with neglect of duty about 10 days before his hearing.  The notice informed him of the rules violated, the incident involved, and

the time of the hearing.  He received the notice and understood that he was being accused of an offense that could lead to disciplinary action.[4]   Carmichael attended the hearing, was allowed to have counsel present, and had the opportunity to read a statement he had prepared.  He concedes that he was allowed to present whatever he wanted to present.[5]  Consequently, Carmichael received all of the due process procedures that were required – notice and an opportunity to be heard – before he was suspended by the City.

Carmichael further has failed to demonstrate that the hearing he received was not fair or impartial.  His assertion that Captain Roper "had issues" with him is far from a showing of actual bias, and is contradicted by the evidence that Roper viewed Carmichael's past work history in a favorable light, and by the relative leniency of the discipline ultimately given him.  Moreover, the final decision regarding the suspension was made by the Mayor, against whom Carmichael does not allege bias.  For all of the reasons set forth herein, the City's motion for summary judgment is therefore due to be granted.

_____

[4]     Carmichael's extensive argument that the policy or practice of not leaving only one officer in charge of the jail was not a fair policy, or was not clearly set out, or that he only left Smiley alone for 45 minutes, is irrelevant to his procedural due process claim.  He does not dispute that he had notice of what he was accused of having done, and that he understood that he could be subjected to discipline for any alleged neglect of duty.  The conclusion that a supervising officer's leaving one officer alone in the jail for a little as 45 minutes amounts to "neglect of duty" is not arbitrary or unreasonable.

[5]     Carmichael refuses to concede that he was allowed to "tell his side of the story," but the evidence clearly demonstrates that he was allowed to present his evidence and submit whatever he wanted to submit.  If he failed to "tell his side of the story," it is his own fault, and not due to any action or impediments by the defendants.

9

B.  Defendant Personnel Board

Defendant Personnel Board seeks summary adjudication of the due process claim against it on the ground that the plaintiff was not entitled to any appeal under its rules or Alabama state law. The court agrees that the plain language of the Rules and Regulations governing the Personnel Board provide appeals only for those suspensions that are for five working days or 40 working hours.  The notice received by the Board clearly stated that the suspension given to Carmichael was for 36 hours or three working days.  Carmichael argues that days at which he could have worked an off-duty job, or days on which he was not scheduled to work, should be included in the computation.  He further argues that, because he was scheduled to start work at 6: 00 a.m. after the 36-hour suspension, the suspension became a 40-hour suspension because he was told to meet with Captain Roper at 10:00 a.m.   Although Carmichael assumed that he was therefore suspended from working from 6 a.m. until 10 a.m., there is no support for this argument.[6]  Moreover, to require the Personnel Board to make a determination about whether the appeals procedure would apply in any given instance as Carmichael insists the Board should have, the Board would have to obtain each employee's records and each agency's shift assignments to determine working hours, shifts assigned, usual days off, and other details that the Personnel Board does not have in its possession.   Although it is not entirely clear whether the plaintiff's "due process claim" relating to the Board arises under the federal constitution or under Alabama law, it is clear that he received the only process that was required

---

[6]      It is undisputed that Carmichael did not report for roll call at 6:00 a.m., nor did he inquire as to whether he should report for duty at his usual time.  The clear language of the letter makes clear that his suspension was for three days, or 36 hours.

under either scenario: notice and an opportunity to be heard.  Accordingly, the motion for summary

judgment filed by the Personnel Board (doc. 32) also is due to be granted.


**CONCLUSION**

Accordingly, consistent with the foregoing discussion of the evidence presented by both

parties in support of and in opposition to the motions summary judgment, this court determines that

there exists no genuine issue of material fact and that the defendants are entitled to summary

adjudication against the plaintiff.  The motions for summary judgment (docs. 29, 32) are due to be

GRANTED.

A separate order will be entered herewith granting judgment in favor of the defendants.

Done the 26th  day of March, 2013.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE